UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST ADMINISTRATORS, INC.,<br><br>                      Plaintiff,<br>     v.<br><br>JMR TRUCKING, INC.,<br><br>                      Defendant. | CASE NO. C18-1525JLR<br><br>ORDER TO SHOW CAUSE AND GRANTING MOTION |

## I. INTRODUCTION

Before the court is Plaintiff Northwest Administrators, Inc.'s ("NAI") motion for order to show cause why Jannie Richardson, Vice President of Defendant JMR Trucking, Inc. ("JMR"), should not be held in contempt of court. (Mot. (Dkt. # 13).) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the motion as described below.

//

## II. BACKGROUND

On October 17, 2018, NAI filed this action seeking to compel JMR to submit to an audit of its books and records in order to ensure that JMR is in compliance with the terms of a collective bargaining agreement between JMR and Local 174 of the International Brotherhood of Teamsters. (*See* Compl. (Dkt. # 1) at 2-4.) NAI served JMR with process on November 15, 2018, via personal service on JMR's Vice President, Ms. Richardson, who is also the spouse of JMR's owner, Darnell Richardson.[1] (Compl. (Dkt. # 1); 11/27/28 Cert. of Serv.); *see also* Fed. R. Civ. P. 4(h)(1)(B) (stating that service of process may be effectuated on a corporation by delivering process to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Because JMR failed to appear or answer the complaint within 21 days of service, the Clerk entered an order of default against JMR on December 28, 2018. (12/28/18 Order (Dkt. # 6).)

On April 15, 2019, after JMR had defaulted, the court granted NAI's motion to compel JMR to submit to an audit and directed JMR to make certain payroll records available to NAI within 15 days of entry of the court's order. (*See* 4/15/19 Order (Dkt. # 10) at 2.) NAI served that order on JMR—again, via personal service on Ms. Richardson—on May 24, 2019. (7/25/19 Cert. of Serv. (Dkt. # 11).) According to NAI, JMR has failed to provide payroll records in compliance with the court's order. (Mot. at

---

[1] Although Ms. Richardson was not identified as the Vice President of JMR in NAI's initial certificate of service (11/27/28 Cert. of Serv. (Dkt. # 4)), NAI's current motion attaches evidence that identifies Ms. Richardson as JMR's Vice President (*see* Mot., Ex. B (noting that Ms. Richardson identified herself as the Vice President of JMR)).

3.)  As such, NAI now asks the court to enter an order to show cause why Ms. Richardson should not be held in contempt of court for her failure to comply with the order that she was served with.  (*Id.* at 1.)  Neither JMR nor Ms. Richardson filed a response to this motion or appeared in this action.  (*See* Dkt.)

### III.  ANALYSIS

"Civil contempt is a refusal to do an act the court has ordered for the benefit of a party[.]"  *Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996) (internal quotation marks omitted).  A court may invoke its civil contempt power for two reasons: (1) "to coerce the defendant into compliance with the court's order," and (2) "to compensate the complainant for losses sustained."  *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (internal quotation marks omitted).  A party moving for civil contempt must prove by clear and convincing evidence that the nonmoving party violated a court order.  *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013).  "The contempt need not be willful, and there is no good faith exception to the requirement of obedience to a court order."  *Go-Video v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*, 10 F.3d 693, 695 (9th Cir. 1993).  Once the moving party has met its burden, the burden shifts to the alleged contemnor to demonstrate why it was unable to comply.  *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

Here, the record before the court demonstrates that NAI has established by clear and convincing evidence a prima facie case that both JMR and Ms. Richardson have failed to comply with this court's order to compel audit.  Although NAI moved for entry

of an order to show cause only against Ms. Richardson (*see* Mot. at 1), the court notes that it ordered JMR—not Ms. Richardson—to provide the payroll records that NAI seeks by the end of April 2019. (4/15/19 Order at 2.) And, even though NAI was under no obligation to serve that order on JMR due to JMR's default, Fed. R. Civ. P. 5(a)(2), NAI did so anyways via personal service on Ms. Richardson, JMR's Vice President and the spouse of JMR's owner (Dkt. # 11). It appears as though JMR chose not to respond to the court's order despite being given notice of that order and sufficient time to comply with it. (*See* Mot. at 3 ("Defendant has not made any response to the Order Granting Motion to Compel Audit[.]".) Thus, even though NAI has not requested that the court enter an order to show cause against JMR, the court finds grounds to issue such an order.

Ms. Richardson's non-party status does not mean she can flout the court's orders with impunity. To be held liable in contempt, a non-party must (1) have notice of the order at issue and (2) "either abet the defendant in violating the court's order or be legally identified with him." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir. 1998) (citing *NLRB v. Sequoia Dist. Council of Carpenters*, 568 F.2d 628, 633 (9th Cir. 1977)). As NAI's certificate of service shows, Ms. Richardson had notice of the order compelling JMR to submit audit records. (7/25/19 Cert. of Serv.) And, as the Vice President of JMR, Ms. Richardson is legally identified with JMR. *See Or. Laborers-Emp'rs Health & Welfare Tr. Fund v. Battan's Bldg. Mgmt. & Const.*, No. CIV. 94-136-FR, 1994 WL 648022, at *2 (D. Or. Nov. 7, 1994) ("A corporate officer is legally identified with the corporation and, thus, liable for disobeying an order directed to the corporation." (citing *Sequoia Dist. Council of Carpenters*, 568 F. 2d at 633)). Thus, Ms.

Richardson may be held liable for JMR's failure to comply with the court's order to compel audit.

Because the record establishes by clear and convincing evidence that JMR has failed to comply with this court's audit order and that Ms. Richardson may be held in contempt for JMR's shortcomings, the burden now shifts to JMR and Ms. Richardson to "show 'categorically and in detail' why [they are] unable to comply with the court's previous order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (quoting *United States v. Rylander*, 656 F.2d 1313, 1318 (9th Cir. 1981), *rev'd on other grounds*, 460 U.S. 752 (1983)). The court, therefore, concludes that an order to show cause why JMR and Ms. Richardson should not be held in contempt is warranted.

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS NAI's motion (Dkt. # 13). The court ORDERS JMR and Ms. Richardson to SHOW CAUSE, on or before September 26, 2019, why the court should not hold them in civil contempt for failure to comply with the court's Order to Compel Audit, which the court entered on April 15, 2019. The court sets a hearing on this matter on September 26, 2019, at 10:00 a.m., at which time the parties may present evidence relevant to the court's consideration of civil contempt. JMR and Ms. Richardson may file a written response to the court's order to show cause no later than September 12, 2019. NAI may file a written response no later than September 19, 2019. Finally, the court ORDERS NAI to personally serve both JMR

//

//

and Ms. Richardson with a copy of this order no later than September 5, 2019, and to file proof of such service on the court's docket.

Dated this 23rd day of August, 2019.

JAMES L. ROBART
United States District Judge