**09/16/2019**

```
_____FILED     _____ENTERED
_____LODGED    _____RECEIVED
```

## CASE NUMBER: **2:18CV-01525 JLR**

```
        SEP 17 2019  SP
              AT SEATTLE
        CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY
```

I am writing the courts to respond to this matter to show that the plaintiff Northwest Administrators, Inc. has submitted incorrect information to the courts stating that myself Jannie Richardson is the vice president of JMR TRUCKING, INC. I am the spouse of the owner of the Company. I have submitted a copy of the Business Information printed from the Washington state business website. I was taken off the business in 2013 as Vice President of JMR Trucking to focus on other business ventures. This information should show cause of why I should not be held in contempt of court on this matter.

But I can be a witness to the harassment by the plaintiff Northwest Administrators. I do know for facts that JMR Trucking did comply to the audit order for the payroll records and was working with Seth Sondenaa he work in the Audit Department | Scheduling Coordinator at Northwest Administrators.

JMR Trucking thought that this matter was over until now starting all over again saying that they never received anything on the audit by JMR Trucking. Northwest Administrators was contacted about this and was told that Seth Sondenaa no longer works at Northwest Administrators. I do feel that this should not matter that if he is still employed at this company the information that was sent to Mr. Sondenaa should still available and easy to access.

SINCERELY,

JANNIE RICHARDSON

# BUSINESS INFORMATION

Business Name:
**J M R TRUCKING INC.**

UBI Number:
**602 101 301**

Business Type:
**WA PROFIT CORPORATION**

Business Status:
**ACTIVE**

Principal Office Street Address:
**11371 SE 299TH CT, AUBURN, WA, 98092-2053, UNITED STATES**

Principal Office Mailing Address:
**PO BOX 78024, SEATTLE, WA, 98178-0024, UNITED STATES**

Expiration Date:
**02/28/2020**

Jurisdiction:
**UNITED STATES, WASHINGTON**

Formation/ Registration Date:
**02/27/2001**

Period of Duration:
**PERPETUAL**

Inactive Date:

Nature of Business:
**TRANSPORTATION & WAREHOUSING, DUMP TRUCKING**

———FILED   ———ENTERED
———LODGED   ———RECEIVED

SEP 17 2019  SP

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
DEPUTY

# REGISTERED AGENT INFORMATION

Registered Agent Name:
**DARNELL RICHARDSON**

Street Address:
**11371 SE 299TH CT, AUBURN, WA, 98092-2053, UNITED STATES**

Mailing Address:
**PO BOX 78024, SEATTLE, WA, 98178-0024, UNITED STATES**

# GOVERNORS

| Title | Governors Type | Entity Name | First Name | Last Name |
|---|---|---|---|---|
| GOVERNOR | INDIVIDUAL | | | DARNELL RICHARDSON |



_____FILED    _____ENTERED
_____LODGED   _____RECEIVED

~~SEP 17 2019~~ SP

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY   WESTERN DISTRICT OF WASHINGTON
                                DEPUTY

**Shelly Azus**

| | |
|---|---|
| **From:** | ECF@wawd.uscourts.gov |
| **Sent:** | Friday, August 23, 2019 9:59 AM |
| **To:** | ECF@wawd.uscourts.gov |
| **Subject:** | Activity in Case 2:18-cv-01525-JLR Northwest Administrators, Inc v. JMR Trucking, Inc Order on Motion for Order to Show Cause |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.

## U.S. District Court

### United States District Court for the Western District of Washington

**Notice of Electronic Filing**

The following transaction was entered on 8/23/2019 at 9:59 AM PDT and filed on 8/23/2019
**Case Name:**       Northwest Administrators, Inc v. JMR Trucking, Inc
**Case Number:**      2:18-cv-01525-JLR
**Filer:**
**Document Number:** 14

**Docket Text:**
**ORDER granting Plaintiff Northwest Administrators, Inc.'s [13] Motion for Order to Show Cause; setting a hearing on this matter on 9/26/2019 at 10:00 AM, at which time the parties may present evidence relevant to the court's consideration of civil contempt. JMR and Ms. Richardson may file a written response to the courts order to show cause no later than September 12, 2019. NAI may file a written response no later than September 19, 2019. Signed by Judge James L. Robart. (SWT)**

**2:18-cv-01525-JLR Notice has been electronically mailed to:**

Russell J Reid      rjr@rmbllaw.com, shelly@rmbllaw.com

**2:18-cv-01525-JLR Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document

1

CERTIFICATE OF MAILING
I certify that I mailed a copy of the attached
pleading to ~~the attorneys of record for plaintiff/~~
defendant at their address, postage prepaid, on the
_23rd_ day of _August_, 20_19_.
_Shelly Azus_

**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1035929271 [Date=8/23/2019] [FileNumber=7711300-0
] [4a995603a19cfd393d909c5206f689ae3e8f5a618f7ecafc41e613305f425fa3947
295d3ad8d64c09f39a57b5ea9e2540a5a27a8954c4930b6be84014c9fee5e]]

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  NORTHWEST
ADMINISTRATORS, INC.,

11
                              Plaintiff,

12       v.

13  JMR TRUCKING, INC.,

14
                              Defendant.

15

CASE NO. C18-1525JLR

ORDER TO SHOW CAUSE AND
GRANTING MOTION

## I.  INTRODUCTION

16

17  Before the court is Plaintiff Northwest Administrators, Inc.'s ("NAI") motion for

18  order to show cause why Jannie Richardson, Vice President of Defendant JMR Trucking,

19  Inc. ("JMR"), should not be held in contempt of court.  (Mot. (Dkt. # 13).)  The court has

20  considered the motion, the relevant portions of the record, and the applicable law.  Being

21  fully advised, the court GRANTS the motion as described below.

//

22

ORDER - 1

## II.   BACKGROUND

On October 17, 2018, NAI filed this action seeking to compel JMR to submit to an audit of its books and records in order to ensure that JMR is in compliance with the terms of a collective bargaining agreement between JMR and Local 174 of the International Brotherhood of Teamsters.  (*See* Compl. (Dkt. # 1) at 2-4.)  NAI served JMR with process on November 15, 2018, via personal service on JMR's Vice President, Ms. Richardson, who is also the spouse of JMR's owner, Darnell Richardson.[1]  (Compl. (Dkt. # 1); 11/27/28 Cert. of Serv.); *see also* Fed. R. Civ. P. 4(h)(1)(B) (stating that service of process may be effectuated on a corporation by delivering process to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").  Because JMR failed to appear or answer the complaint within 21 days of service, the Clerk entered an order of default against JMR on December 28, 2018.  (12/28/18 Order (Dkt. # 6).)

On April 15, 2019, after JMR had defaulted, the court granted NAI's motion to compel JMR to submit to an audit and directed JMR to make certain payroll records available to NAI within 15 days of entry of the court's order.  (*See* 4/15/19 Order (Dkt. # 10) at 2.)  NAI served that order on JMR—again, via personal service on Ms. Richardson—on May 24, 2019.  (7/25/19 Cert. of Serv. (Dkt. # 11).)  According to NAI, JMR has failed to provide payroll records in compliance with the court's order.  (Mot. at

---

[1] Although Ms. Richardson was not identified as the Vice President of JMR in NAI's initial certificate of service (11/27/28 Cert. of Serv. (Dkt. # 4)), NAI's current motion attaches evidence that identifies Ms. Richardson as JMR's Vice President (*see* Mot., Ex. B (noting that Ms. Richardson identified herself as the Vice President of JMR)).

ORDER - 2

1    3.)  As such, NAI now asks the court to enter an order to show cause why Ms.

2    Richardson should not be held in contempt of court for her failure to comply with the

3    order that she was served with.  (*Id.* at 1.)  Neither JMR nor Ms. Richardson filed a

4    response to this motion or appeared in this action.  (*See* Dkt.)

5                                    **III.    ANALYSIS**

6            "Civil contempt is a refusal to do an act the court has ordered for the benefit of a

7    party[.]"  *Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996) (internal quotation marks

8    omitted).  A court may invoke its civil contempt power for two reasons: (1) "to coerce the

9    defendant into compliance with the court's order," and (2) "to compensate the

10   complainant for losses sustained."  *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623,

11   629 (9th Cir. 2016) (internal quotation marks omitted).  A party moving for civil

12   contempt must prove by clear and convincing evidence that the nonmoving party violated

13   a court order.  *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21*

14   *& 4*, 721 F.3d 1122, 1129 (9th Cir. 2013).  "The contempt need not be willful, and there

15   is no good faith exception to the requirement of obedience to a court order."  *Go-Video v.*

16   *Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.)*,

17   10 F.3d 693, 695 (9th Cir. 1993).  Once the moving party has met its burden, the burden

18   shifts to the alleged contemnor to demonstrate why it was unable to comply.  *Stone v.*

19   *City & Cty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992).

20           Here, the record before the court demonstrates that NAI has established by clear

21   and convincing evidence a prima facie case that both JMR and Ms. Richardson have

22   failed to comply with this court's order to compel audit.  Although NAI moved for entry

ORDER - 3

1    of an order to show cause only against Ms. Richardson (*see* Mot. at 1), the court notes

2    that it ordered JMR—not Ms. Richardson—to provide the payroll records that NAI seeks

3    by the end of April 2019.  (4/15/19 Order at 2.)  And, even though NAI was under no

4    obligation to serve that order on JMR due to JMR's default, Fed. R. Civ. P. 5(a)(2), NAI

5    did so anyways via personal service on Ms. Richardson, JMR's Vice President and the

6    spouse of JMR's owner (Dkt. # 11).  It appears as though JMR chose not to respond to

7    the court's order despite being given notice of that order and sufficient time to comply

8    with it.  (*See* Mot. at 3 ("Defendant has not made any response to the Order Granting

9    Motion to Compel Audit[.]".)  Thus, even though NAI has not requested that the court

10   enter an order to show cause against JMR, the court finds grounds to issue such an order.

11           Ms. Richardson's non-party status does not mean she can flout the court's orders

12   with impunity.  To be held liable in contempt, a non-party must (1) have notice of the

13   order at issue and (2) "either abet the defendant in violating the court's order or be legally

14   identified with him." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1323 (9th Cir.

15   1998) (citing *NLRB v. Sequoia Dist. Council of Carpenters*, 568 F.2d 628, 633 (9th Cir.

16   1977)).  As NAI's certificate of service shows, Ms. Richardson had notice of the  order

17   compelling JMR to submit audit records.  (7/25/19 Cert. of Serv.)  And, as the Vice

18   President of JMR, Ms. Richardson is legally identified with JMR.  *See Or. Laborers-*

19   *Emp'rs Health & Welfare Tr. Fund v. Battan's Bldg. Mgmt. & Const.*, No. CIV.

20   94-136-FR, 1994 WL 648022, at *2 (D. Or. Nov. 7, 1994) ("A corporate officer is legally

21   identified with the corporation and, thus, liable for disobeying an order directed to the

22   corporation." (citing *Sequoia Dist. Council of Carpenters*, 568 F. 2d at 633)).  Thus, Ms.

ORDER - 4

1    Richardson may be held liable for JMR's failure to comply with the court's order to

2    compel audit.

3         Because the record establishes by clear and convincing evidence that JMR has

4    failed to comply with this court's audit order and that Ms. Richardson may be held in

5    contempt for JMR's shortcomings, the burden now shifts to JMR and Ms. Richardson to

6    "show 'categorically and in detail' why [they are] unable to comply with the court's

7    previous order." *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (quoting

8    *United States v. Rylander*, 656 F.2d 1313, 1318 (9th Cir. 1981), *rev'd on other grounds*,

9    460 U.S. 752 (1983)).  The court, therefore, concludes that an order to show cause why

10   JMR and Ms. Richardson should not be held in contempt is warranted.

11                          **IV.   CONCLUSION**

12        For the reasons set forth above, the court GRANTS NAI's motion (Dkt. # 13).

13   The court ORDERS JMR and Ms. Richardson to SHOW CAUSE, on or before

14   September 26, 2019, why the court should not hold them in civil contempt for failure to

15   comply with the court's Order to Compel Audit, which the court entered on April 15,

16   2019.  The court sets a hearing on this matter on September 26, 2019, at 10:00 a.m., at

17   which time the parties may present evidence relevant to the court's consideration of civil

18   contempt.  JMR and Ms. Richardson may file a written response to the court's order to

19   show cause no later than September 12, 2019.  NAI may file a written response no later

20   than September 19, 2019.  Finally, the court ORDERS NAI to personally serve both JMR

21   //

22   //

ORDER - 5

1    and Ms. Richardson with a copy of this order no later than September 5, 2019, and to file

2    proof of such service on the court's docket.

3          Dated this 23rd day of August, 2019.

4

5

6                                                    JAMES L. ROBART
                                                     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 6