UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| NORTHWEST ADMINISTRATORS INC., | CASE NO. C18-1525JLR |
|---|---|
| Plaintiff, | ORDER VACATING ORDERS TO COMPEL AUDIT AND SHOW CAUSE |
| v. | |
| JMR TRUCKING, INC., | |
| Defendant. | |

This matter comes before the court on Plaintiff Northwest Administrators, Inc.'s ("NAI") motion for an order to show cause (Mot. (Dkt. # 13)), and the court's order granting that motion (OSC (Dkt. # 14)).

On October 17, 2018, NAI filed this action seeking to compel Defendant JMR Trucking, Inc. ("JMR") to submit to an audit of its books and records in order to ensure that JMR is in compliance with the terms of a collective bargaining agreement between JMR and Local 174 of the International Brotherhood of Teamsters. (*See* Compl. (Dkt.

# 1) at 2-4.) NAI served JMR with process on November 15, 2018, via personal service on Jannie Richardson, the wife of JMR's owner, at JMR's principal place of business.[1] (11/27/28 Cert. of Serv.) Because JMR failed to appear or answer the complaint within 21 days of service, the Clerk entered an order of default against JMR on December 28, 2018. (12/28/18 Order (Dkt. # 6).)

On April 15, 2019, after JMR defaulted, the court granted NAI's motion to compel JMR to submit to an audit and directed JMR to make certain payroll records available to NAI within 15 days of entry of the court's order. (*See* 4/15/19 Order (Dkt. # 10) at 2.) NAI served that order on JMR on May 24, 2019. (7/25/19 Cert. of Serv.) According to NAI, JMR failed to provide payroll records in compliance with the court's order. (Mot. at 3.) NAI moved for an order to show cause why Ms. Richardson should not be held in contempt of court for her failure to comply with the order that she was served with. (*Id.* at 1.) On August 23, 2019, the court granted NAI's motion and ordered both Ms. Richardson and Defendant JMR Trucking, Inc. ("JMR") to show cause on or before

//

---

[1] In NAI's motion for an order to show cause, NAI claimed that Ms. Richardson identified herself as the Vice President of JMR. (*See* Mot. at 1.) Ms. Richardson denies that allegation. (*See* Richardson Resp. to OSC (Dkt. # 17) at 1.) Regardless, the evidence Ms. Richardson submitted confirms that she is the spouse of JMR's registered agent and that JMR's principal place of business and the location of its registered agent is 11371 SE 299th Ct., Auburn, WA 98092—the same address at which Ms. Richardson has been personally served throughout this matter. (*See id.* at 1-2; 11/27/18 Cert. of Serv. (Dkt. # 4); 7/25/19 Cert of Serv. (Dkt. #11).) Even if Ms. Richardson is not the Vice President of JMR, service was proper under Federal Rule of Civil Procedure 4(h)(1)(A) because it satisfies Washington law. *See* Fed. R. Civ. P. 4(h)(1)(a). Under RCW 4.28.080(9), a party may serve the "president or other head of the company or corporation" or the "registered agent" of the company, and Washington courts have held that service on a registered agent's spouse at the registered agent's home is sufficient under a closely-related service statute. *See Reiner v. Pittsburg Des Moines Corp.*, 680 P.2d 55, 58 (Wash. 1984).

September 26, 2019, why they should not be held in civil contempt. (OSC at 5-6.) Ms. Richardson filed a response to the order to show cause and NAI filed a reply. (*See* Richardson Resp. to OSC; NAI Reply (Dkt. # 20).)

Having further reviewed the record and the relevant case law, the court concludes that it must vacate its prior orders. In the Ninth Circuit, for purposes of discovery, "a defaulted defendant should be treated as a non-party." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158-59 (9th Cir. 2010). A person not a party to an action may be compelled to produce documents only by a subpoena issued from the court for the district in which the production is to be made. Fed. R. Civ. P. 34(c), 45. Here, JMR is in default. (12/28/18 Order.) Thus, NAI must comply with Federal Rule of Civil Procedure 45 in order to compel JMR to produce audit documentation. *See, e.g.*, *Locals 302 & 612 of Int'l Union of Operating Eng'rs Const. Indus. Health & Sec. Fund v. Delos Santos Const., Inc.*, No. C10-1396JLR, 2010 WL 4983585, at *1 (W.D. Wash. Dec. 2, 2010). NAI did not submit evidence that it served Rule 45 subpoenas on JMR. (*See generally* Mot.) Accordingly, the court VACATES its order to compel audit (Dkt. # 10) and its order granting NAI's motion for an order to show cause (Dkt. # 14), and DENIES NAI's motion for an order to compel audit (Dkt. # 7) and NAI's motion for an order to show cause (Dkt. # 13). The court also STRIKES its September 26, 2019 show cause hearing. Finally, the court ORDERS NAI to make all reasonable efforts to serve JMR

//

//

//

and Ms. Richardson with a copy of this order by 5:00 p.m. on September 25, 2019, and to file proof of such service on the court's docket.

Dated this 24th day of September, 2019.

JAMES L. ROBART
United States District Judge